# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ALINA MARRERO, individually and on behalf of all others similarly situated, | ) )  ) |
| Plaintiff, | ) Case No. 11 CH 38111 ) |
| v. | ) ) |
| FIFTH THIRD BANK, | ) (JURY TRIAL DEMANDED) ) |
| Defendant. | ) ) ) |

## AMENDED CLASS ACTION COMPLAINT

1. Plaintiff Alina Marrero ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings this Class Action Complaint pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801 and § 5/2-802, and in accordance with Illinois state wage and hour law against Fifth Third Bank ("Fifth Third Bank" or "Defendant") to challenge its policy and practice of failing to pay its Loan Officers their overtime wages pursuant to Illinois state law.

2. Plaintiff brings this case on behalf of herself and all persons who currently work or have worked as loan officers, loan originators, or similar titles for Fifth Third Bank in the State of Illinois at any time during the statutory period since November 2, 2001 (the "Class"). Plaintiff and all Class members are "employees" within the meaning of the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq.* (the "IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115, *et seq.* (the "IWPCA").

3. Fifth Third Bank maintains approximately 43 branch locations in Illinois. Although its Loan Officers were not exempt from Illinois state wage and hour laws, Fifth Third

Bank failed to pay them overtime compensation when they worked over 40 hours in a week. Effective in or about January 2011, Fifth Third Bank finally changed its policy and properly reclassified its Loan Officers as non-exempt hourly employees. Nonetheless, Fifth Third Bank has refused to pay them overtime compensation for all of the overtime hours they worked prior to January 2011. Additionally, Defendant's supervisors have instructed Loan Officers not to record any overtime hours they worked in an effort to evade state and federal law.

4. Fifth Third Bank's Loan Officers regularly worked overtime but Defendant has not paid them the overtime wages they are owed.

5. Since Plaintiff and the Class were not subject to an applicable exemption from the overtime pay requirements of Illinois state law, the failure to pay overtime to Plaintiff and the Class violated those laws.

**RELEVANT TIME PERIOD**

6. Plaintiff's claims under the IMWL permit Plaintiff and the Class to recover unpaid wages and damages for up to three years prior to the commencement of this lawsuit.

7. Illinois Code section 5/13-205 permits Plaintiff and the Class to recover damages stemming from their unjust enrichment claims for up to five years prior to the commencement of this lawsuit.

8. Illinois Code section 5/13-206 permits Plaintiff and the Class to recover damages stemming from their IWPCA claims for up to ten years prior to the commencement of this lawsuit.

9. Accordingly, the allegations set forth herein concern Defendant's employment practices since November 2, 2001 as to Count II (IWPCA), since November 2, 2006 as to Count III (unjust enrichment) and since November 2, 2008 as to Count I (IMWL).

## PARTIES

10. Plaintiff Alina Marrero is a resident of Chicago, Illinois. Plaintiff has been employed as a Loan Officer for Fifth Third Bank since approximately February 1, 2010 at Defendant's Chicago, Illinois branch.

11. Defendant Fifth Third Bank ("Fifth Third Bank" or "Defendant"), is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Defendant sells mortgage loans and other financial products in multiple states. Defendant is an employer within the meaning of the IMWL and IWPCA.

## FACTUAL BACKGROUND

12. Defendant employs individuals as Loan Officers, Loan Originators, or other similar job titles (collectively referred to herein as "Loan Officers") in order to provide its financial services and products.

13. Plaintiff and the Class work or worked at one or more of Defendant's branches in Illinois.

14. Defendant's Loan Officers' primary work duties are to sell and process mortgage loans and other financial products and instruments. Other duties performed by Loan Officers are directly related to mortgage sales and refinancing, including, without limitation, meeting with clients, attending group meetings, processing loan applications and other documents, and marketing Defendant's services to obtain new business and clients using methods such as cold calling.

15. These duties are predominately performed at Defendant's home branch offices.

16. Defendant profits from the work performed by Plaintiff and the Class in selling Defendant's financial products and instruments and performing their required work duties.

17. Defendant has compensated its Loan Officers on a draw plus commission basis.

3

18. Defendant classified Plaintiff and the Class as exempt from overtime pay requirements under Illinois state wage laws including the IMWL and IWPCA until approximately January 2011.

19. Even after reclassifying its Loan Officers as non-exempt in or around January 2011, Defendant still requires its Loan Officers to underreport their time on timesheets to avoid paying Loan Officers for overtime worked.

20. Prior to January 2011, Defendant was aware or should have been aware that Plaintiff and the Class were not exempt under the IMWL and IWPCA. It is common industry knowledge that both courts and the United States Department of Labor ("DOL") have found Loan Officers to be non-exempt workers.

21. Defendant was aware or should have been aware that Plaintiff and the Class regularly worked in excess of 40 hours per week.

22. Defendant mandated that Plaintiff and the Class meet certain production goals. Defendant knew that those goals required Plaintiff and the Class to work in excess of 40 hours per week. Defendant disciplined employees who failed to meet their production goals.

23. Defendant failed to maintain complete and accurate records as to the hours worked by Plaintiff and the Class.

24. Defendant did not pay Plaintiff and the Class for their hours worked in excess of 40 each week.

25. Defendant's conduct in not paying Loan Officers for their overtime was willful and in bad faith.

4

26. Following the January 2011 reclassification, Plaintiff's supervisors specifically instructed Plaintiff not to record any hours that would require her to be paid overtime regardless of whether she was, in fact, working such hours.

27. By failing to pay overtime wages for hours worked in excess of 40 each week, Defendant violated the IMWL and IWPCA.

28. By profiting from the labor of Plaintiff and the Class without paying them in accordance with Illinois law, Defendant was unjustly enriched.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings her claims for relief individually and as a class action pursuant to the Illinois Code of Civil Procedure 735 ILCS § 5/2-801 and § 5/2-802 on behalf of:

> all persons who currently work or have worked as loan officers, loan originators, or similar titles for Fifth Third Bank in the State of Illinois at any time since November 2, 2001 (the "Class").

30. This action is properly maintained as a class action under § 5/2-801 because the Class is so numerous that joinder of all members is impracticable; there are questions of law or fact that are common to the Class; the claims or defenses of Plaintiff are typical of the claims or defenses of the Class; and Plaintiff will fairly and adequately protect the interests of the Class.

31. Members of the Class are similarly situated by virtue of the predominating common questions of law and fact that exist as to Plaintiff and the Class, including, without limitation:

    a. whether Defendant unlawfully failed to pay overtime compensation to its Loan Officers;

    b. whether Defendant's branches are "retail establishments";

    c. whether Loan Officers' primary duties are "directly related to the management or general business operations" of Fifth Third Bank or its customers;

  d. whether Loan Officers' primary duties are related to sales and/or production;

  e. whether Defendant failed to keep accurate time records for all hours worked by Loan Officers;

  f. whether Defendant was unjustly enriched by failing to pay Plaintiff and the Class in accordance with Illinois law;

  g. the proper measure of damages sustained by Plaintiff and the Class; and,

  h. whether Defendant should be enjoined from such violations in the future.

32. Plaintiff anticipates that Defendant's defenses are also common to Plaintiff and the Class.

33. Members of the Class are so numerous that joinder of all members is impracticable. The identity of Class members is easily ascertained from Defendant's records.

34. Plaintiff's claims are typical of the claims of the Class because Plaintiff has worked as a Loan Officer and has not received overtime wages for hours worked over 40 in a week. Upon information and belief, there are no Class members who have an interest in individually controlling the prosecution of their individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such Class member should become known, he or she can "opt out" of this action pursuant to Illinois Code of Civil Procedure, 735 ILCS § 5/2-801 and § 5/2-802.

35. Plaintiff will fairly and adequately represent the interests of the Class and has no interests adverse to those of the Class. Plaintiff has retained counsel competent and experienced in complex wage and hour class action and wage and hour collective action litigation.

36. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Class certification is also appropriate because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant, and/or because adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of non-party Class members.

37. In addition, class certification is appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The members of the Class are entitled to injunctive relief to end Defendant's common and uniform practices of denying the Class reporting time wages, minimum wage for all hours worked, timely payment of wages upon termination or quit, and accurate and timely itemized wage statements.

38. Class certification is also appropriate because questions of law and fact common to the Class predominate over questions affecting only members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against a large corporate defendant such as Fifth Third Bank. The individual damages suffered by members of the Class pale in comparison to the potential costs of suit. The members

of the proposed Class are, nevertheless, entitled to the damages sustained as a consequence of Defendant's unlawful, common pay practices.

39. Plaintiff knows of no difficulty that would be encountered in the management of this litigation which would preclude its maintenance as a class action.

## COUNT I
### (Failure to Pay Overtime Wages in Violation of the IMWL)

40. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

41. The IMWL requires Illinois employers, including Defendant, to pay overtime compensation to all non-exempt employees.

42. The IMWL requires Defendant to pay Plaintiff and the Class for all time worked in excess of 40 hours in a week at the rate of one-and-one-half times their regular hourly rate.

43. Defendant's actions, policies and/or practices as described above violate the overtime requirements of the IMWL by failing to compensate Plaintiff and the Class for hours worked in excess of 40 in a week at one-and-one-half times their regular rate.

44. As a direct and proximate result of this practice, Plaintiff and the Class have suffered loss of income and other damages to be determined at trial.

45. Under 820 ILCS § 105/12:

> If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

46. Thus, Plaintiff and the Class are entitled to their attorneys' fees and costs, their unpaid wages, and damages of 2 percent of the amount of the underpayments compounded monthly from the date of each underpayment.

47. Under 820 ILCS § 105/8:

8

Every employer subject to any provision of this Act or of any order issued under this Act shall make and keep for a period of not less than 3 years, true and accurate records of the name, address and occupation of each of his employees, the rate of pay, and the amount paid each pay period to each employee, the hours worked each day in each work week by each employee, and such other information and make such reports therefrom to the Director as the Director may by regulation prescribe as necessary or appropriate for the enforcement of the provisions of this Act or of the regulations thereunder.

48. By failing to record and preserve records of hours worked by Plaintiff and the Class, Defendant has violated the provisions of Section 8 of the IMWL.

## COUNT II
### (Unlawful Withholding of Wages in Violation of the IWPCA)

49. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

50. The IWCPA requires employers to pay employees within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate.

51. If an employer fails to pay an employee all wages earned by the statutory deadline, the employee may commence a civil action to recover the amount of any underpayment and damages in the amount of 2 percent of each underpayment compounded monthly plus costs and reasonable attorneys' fees. *See* 820 ILCS § 115/14.

52. Pursuant to 735 ILCS § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

53. Plaintiff and the Class are employees for purposes of the IWPCA.

54. Defendant is an employer for purposes of the IWPCA.

55. Defendant's actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiff and the Class for hours worked in excess of 40 in a week at one-and-one-half times their regular rate.

56. As a direct and proximate result of this practice, Plaintiff and the Class have suffered loss of income and other damages to be determined at trial.

57. As such, Plaintiff and the Class are entitled to the underpayment, damages in the amount of 2 percent compounded monthly, and reasonable attorneys' fees and costs.

## COUNT III
### (Unjust Enrichment)

58. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

59. Pursuant to 735 ILCS § 5/13-205, the statute of limitations for civil actions not otherwise provided for, including claims for unjust enrichment, is five years after accrual of the cause of action.

60. Fifth Third Bank has received and benefitted from its policy and practice of failing to compensate Plaintiff and the Class for their overtime, and for Defendant to retain this benefit would be inequitable and would rise to the level of unjust enrichment.

61. Plaintiff and the Class have a reasonable expectation that they will be paid all amounts to which they are entitled under Illinois law, including overtime, for having given their time and efforts to Fifth Third Bank.

62. Fifth Third Bank tracks the compensation paid to Plaintiff and the Class as a measure of profit calculation. Failing to pay overtime wages to misclassified employees directly increased Fifth Third Bank's profit.

63. By underpaying Plaintiff and the Class, Fifth Third Bank was unjustly enriched. More specifically, by reason of having secured the work and efforts of Plaintiff and the Class without paying overtime compensation, Fifth Third Bank realized additional earnings and profits for its own benefit and to the detriment of Plaintiff and the Class.

64. Fifth Third Bank has retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

65. Fifth Third Bank's wrongful conduct is so offensive to common values as to merit redress by way of exemplary or punitive or other damages for the Class members, from Fifth Third Bank, in an amount to be determined at trial.

66. Accordingly, Plaintiff and the Class are entitled to judgment in an amount equal to the benefits unjustly retained by Fifth Third Bank, to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for the following relief:

A. An order certifying the class under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801 and § 5/2-802;

B. An order appointing Plaintiffs' counsel as counsel for the class;

C. A declaratory judgment and finding that Defendant committed one or more of the following acts:

   i. Violated the IMWL by failing to pay regular and overtime wages to Plaintiff and the Class; and

   ii. Violated the IWPCA;

D. Compensatory damages, including back pay damages, overtime pay owed, and prejudgment interest to the fullest extent permitted under the law;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

F. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: November 17, 2011　　　　　　　STEPHAN ZOURAS LLP

By: _____
Ryan F. Stephan
STEPHAN ZOURAS LLP
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Tel: (312) 233-1550
Fax: (312) 233-1560
rstephan@stephanzouras.com

Carolyn H. Cottrell
Lee B. Szor
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
lszor@schneiderwallace.com

Shanon J. Carson
Sarah Schalman-Bergen
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
pmadden@bm.net

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ALINA MARRERO, individually and on behalf of all others similarly situated, | ) )  2011 NOV 17 AM 8: 43 ) |
| Plaintiff, | )   DOROTHY BROWN CLERK ) Case No. 11 CH 38111 ) |
| v. | ) ) |
| FIFTH THIRD BANK, | ) ) |
| Defendant. | ) ) ) |

## NOTICE OF FILING

To: Fifth Third Bank c/o Registered Agent James Hubbard
38 Fountain Square Plaza, MD #10AT76
Cincinnati, OH 45263

PLEASE TAKE NOTICE that on November 17, 2011 the attached AMENDED CLASS ACTION COMPLAINT was filed on behalf of the Plaintiff with the Clerk of the Circuit Court of Cook County, at the Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois.

Respectfully submitted,

/s/ _____
One of the Attorneys for Plaintiff

STEPHAN ZOURAS, LLP
Attorneys for Plaintiff
205 N. Michigan Avenue
Suite 2560
Chicago, Illinois 60601
(312) 233-1550
Attorney No. 43734

## CERTIFICATE OF SERVICE BY MAIL

I, a non-attorney, certify that I served this notice by mailing a copy to the above mentioned and depositing the same in the U.S. Mail at 205 N. Michigan Avenue, Chicago, Illinois at 5:00 p.m. on the 17th day of November, 2011 with proper postage prepaid.

*Christie Bass*

SUBSCRIBED AND SWORN
TO BEFORE ME THIS 17th DAY
OF November, 2011.

*Megan A. Babowice*
Notary Public

MEGAN A. BABOWICE
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
October 01, 2013