# EXHIBIT C

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **ALAINA MORERRO, individually and on behalf of all others similarly situated,** | |
| Plaintiff, | No. 2011 CH 38111 |
| v. | Judge Stuart E. Palmer |
| **FIFTH THIRD BANK,** | |
| Defendant. | |

**DEFENDANT FIFTH THIRD BANK'S NOTICE OF FILING**
**OF REMOVAL TO FEDERAL COURT**

To:    Clerk of the Circuit Court             Stephan Zouras LLP
        Chancery Division                  205 N. Michigan Avenue
        Richard J. Daley Center          Suite 2560
        50 W. Washington Street, Room 802   Chicago, Illinois 60601
        Chicago, Illinois 60602

PLEASE TAKE NOTICE that Defendant, Fifth Third Bank, filed its Notice of Removal on December 19, 2011, a copy of which is attached hereto as **Exhibit A**, in the office of the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, in accordance with 28 U.S.C. §1441(a).

PLEASE TAKE FURTHER NOTICE that the filing of Defendant's Notice of Removal in federal court, together with the filing of a copy of Defendant's Notice of Removal with the clerk of the above-entitled court, effect the removal of this action in accordance with 28 U.S.C. §1446(d).

Respectfully submitted,

FIFTH THIRD BANK

By: _____
        One of Its Attorneys

Grady B. Murdock, Jr. (#1992236)
Angela I. Rochester (#6295396)
Michael A. Wilder (# 6291053)
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1000
Chicago, IL 60654
312.372.5520
Firm I.D. 34950

Dated: December 19, 2011

## CERTIFICATE OF SERVICE

I, Angela I. Rochester, an attorney, certify that on December 19, 2011, copies of *Defendant Fifth Third Bank's Notice of Filing of Removal to Federal Court* were served by hand delivery, on:

>       Ryan F. Stephan
>       Stephan Zouras LLP
>       205 N. Michigan Avenue
>       Suite 2560
>       Chicago, Illinois 60601

and via U.S. Mail, with proper postage prepaid to:

>       Carolyn H. Cottrell
>       Lee B. Szor
>       Schneider Wallace Cottrell Brayton Konecky LLP
>       180 Montgomery Street, Ste. 2000
>       San Francisco, California 94104
>
>       Shanon J. Carson
>       Sarah Schalman-Bergen
>       Patrick F. Madden
>       Berger & Montague, P.C.
>       1622 Locust Street
>       Philadelphia, Pennsylvania 19103

_____
Angela I. Rochester

Firmwide:105239501.1 057908.1014

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ALINA MARRERO,** individually and on behalf of all others similarly situated<br><br>           Plaintiff,<br><br>   v.<br><br>**FIFTH THIRD BANK,**<br><br>           Defendant. | |

## DEFENDANT FIFTH THIRD BANK'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant Fifth Third Bank ("Defendant"), by and through its attorneys, Littler Mendelson, and pursuant to 28 U.S.C. §§ 1332 and 1441, hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based upon the existence of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. In support of its Notice of Removal, Defendant respectfully submits the following to the Court:

## I.    BACKGROUND

On or about November 2, 2011, Plaintiff Alaina Morerro ("Plaintiff") filed a lawsuit in the Circuit Court of Cook County, Illinois, Chancery Division, entitled *Alina Marrero v. Fifth Third Bank*, Civil Action No. 11-CH-38111. On or about November 17, 2011, Plaintiff amended her complaint. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached as **Exhibit A** hereto a copy of the Amended Complaint. The Complaint contains three counts seeking damages for: (1) failure to pay overtime wages in violation of the Illinois Minimum Wage Law; (2) unlawful withholding of wages in violation of the Illinois Wage Payment and Collection Act; and (3)

unjust enrichment.

The Amended Complaint was served upon Defendant on or about November 21, 2011. *See* Exhibit A. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b).

Other than Plaintiff's November 17, 2011 motion to amend her complaint, no further proceedings have been had in the state court action.

As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000 and is between citizens of different states.

## II.     REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C § 1332(a)(1).

Class actions involving state law claims may proceed in federal court under diversity jurisdiction if they satisfy two requirements: first, the class representative must be of diverse citizenship from all of the defendants. *Supreme Tribe of Ben-Hur v. Cauble*, 225 U.S. 356, 367 (1921); *see also Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (explaining that, for purposes of diversity jurisdiction, courts examine the citizenship of the class representative).     Second, at least one Plaintiff must satisfy the amount in controversy requirement.  In a class action context, 28 U.S.C. § 1367 confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, when a complaint contains at least one named plaintiff that satisfies the amount-in-controversy requirement. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 579 (2005).  If there are no other jurisdictional defects, then the district court "beyond all question, has original jurisdiction over that claim." *Id.* at 558-59.

### A.     Citizenship

In the instant matter, complete diversity of citizenship between Plaintiff and Defendant at the time of filing of the complaint and at the time of removal is satisfied. Plaintiff is a citizen residing in Chicago, Illinois. (Amended Compl. ¶ 10). Defendant is incorporated in the State of Ohio and has its principal place of business in the State of Ohio. (Amended Compl. ¶ 11); *see* 28 U.S.C. §1332(c)(1) (a corporation is deemed to be a citizen of any state in which it is incorporated and of any state where it has its principal place of business); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (a corporation's principal place of business is its "nerve center," or the place where its officers direct, control and coordinate the corporation's activities).

### B.     Amount-In-Controversy

In the Seventh Circuit, the jurisdictional minimum amount in controversy for diversity jurisdiction is established where defendant demonstrates by "a preponderance of the evidence" that the amount in controversy exceeds the jurisdictional amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). A defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc.*, No. 07-C-231, 2007 U.S. Dist. LEXIS 21135, at *6 (N.D. Ill. Mar. 26, 2007). "To maintain a suit in which the stakes must exceed some specified minimum . . . [the defendant] need demonstrate no more than a good faith, minimally reasonable belief that the suit might result in a judgment in excess of that amount." *Normand v. Orkin Exterminating Co.*, 193 F.3d 908, 910 (7th Cir. 1999). Indeed, several courts have held that it may be "obvious" from the nature of the plaintiffs' allegations that the amount in controversy exceeds the jurisdictional threshold. *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002); *Hasek v. Chrysler Corp.*, No. 95-C-579, 1996 U.S. Dist. LEXIS 1200, at *2 (N.D. Ill. Feb. 5, 1996) (a court will generally determine

the amount in controversy "by merely looking at plaintiff's state court complaint, along with the record as a whole").

Here, although Plaintiff's Complaint is silent as to the amount in controversy, she seeks, on behalf of herself and the purported class: (a) back pay damages; (b) overtime pay owed; (c) punitive damages; and (d) attorneys' fees. (Amended Compl., ¶¶ 45, 57, 65, 66, Relief Requested.) Plaintiff, a former mortgage loan officer, claims that she and the class are entitled to compensation for hours worked in excess of 40 at one and one-half times their regular rate, for three years prior to the commencement of this lawsuit. (Amended Compl. ¶¶ 6, 43). Further, Plaintiff alleges that as a result of Defendant's alleged practices, damages against Defendant should be assessed at 2% of the amount of any such underpayments compounded monthly from the date of each underpayment. (Amended Compl. ¶¶ 45, 46). Moreover, Plaintiff contends that in the event Plaintiff prevails on her class claims based on the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, Plaintiff and the class would be entitled to punitive damages and attorneys' fees. Considering Plaintiff(s)' claims for punitive damages, compounded interest and back wages, it is evident that the amount in controversy in this case is in excess of $75,000. *Anthony v. Security Pacific Financial Services*, 75 F.3d 311, 314 (7th Cir. 1996)("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"). Thus, based on Plaintiff's allegations, the amount in controversy would clearly exceed the $75,000 jurisdictional minimum.

### III.    PROCEDURAL PREREQUISITES

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it was filed within thirty (30) days of receipt of the Amended Complaint by Defendant.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Plaintiff is a citizen of the State of Illinois and Defendant is an Ohio banking corporation with its principal place of business in Cincinnati, Ohio. (Amended Compl. ¶¶ 10-11).

The amount in controversy in this case is more than $75,000.00.

The United States District Court for the Northern District of Illinois is the judicial district embracing the location where Plaintiff's state action is pending, *i.e.*, the Circuit Court of Cook County. 28 U.S.C. §1441(a).

As required by 28 U.S.C. § 1446(d), Defendant has provided written notice of filing of the Notice of Removal to Plaintiff. Attached hereto as **Exhibit B** is a copy of the Notice to State Court of the Filing of Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County.

Attached hereto as **Exhibit C** is a true and correct copy of the Notice to Adverse Party of the Filing of Notice of Removal, the original of which is being served on the following individuals, as required by 28 U.S.C. § 1446(d): Ryan F. Stephan of Stephan Zouras LLP, Carolyn H. Cottrell of Schneider Wallace Cottrell Brayton Konecky LLP, and Shanon J. Carson of Berger & Montague, P.C.

Defendant files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

## IV. CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Fifth Third Bank respectfully removes the above-captioned case from the Circuit Court of Cook County to the

United States District Court for the Northern District of Illinois, Eastern Division.

                               Respectfully submitted,
                               FIFTH THIRD BANK, an Ohio Banking
                               Corporation,

                               By: _____
                                      One of its Attorneys

Grady B. Murdock, Jr. (#1992236)
Angela I. Rochester (#6295396)
Michael A. Wilder (# 6291053)
LITTLER MENDELSON
A Professional Corporation
321 North Clark Street
Suite 1000
Chicago, IL 60654
312.372.5520
Firm I.D. 34950

Dated: December 19, 2011

## CERTIFICATE OF SERVICE

I, Angela I. Rochester, an attorney, certify that on December 19, 2011, copies of ***Defendant Fifth Third Bank's Notice of Removal to Federal Court*** were served by hand delivery, on:

> Ryan F. Stephan
> Stephan Zouras LLP
> 205 N. Michigan Avenue
> Suite 2560
> Chicago, Illinois 60601

and via U.S. Mail, with proper postage prepaid to:

> Carolyn H. Cottrell
> Lee B. Szor
> Schneider Wallace Cottrell Brayton Konecky LLP
> 180 Montgomery Street, Ste. 2000
> San Francisco, California 94104

> Shanon J. Carson
> Sarah Schalman-Bergen
> Patrick F. Madden
> Berger & Montague, P.C.
> 1622 Locust Street
> Philadelphia, Pennsylvania 19103

_____
Angela I. Rochester

Firmwide:105227534.1 999999.3701