## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **ALINA MARRERO, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**FIFTH THIRD BANK,**<br><br>Defendant. | No. 1:11-cv-08978<br><br>Judge: Suzanne B. Conlon |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

NOW COMES, the Defendant, Fifth Third Bank ("Fifth Third"), by and through its attorneys, Littler Mendelson, P.C., and for its Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff Alina Marrero ("Plaintiff"), individually and on behalf of all others similarly situated, states as follows:

1.      Plaintiff Alina Marrero ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings this Class Action Complaint pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801 and § 5/2-802, and in accordance with Illinois state wage and hour law against Fifth Third Bank ("Fifth Third Bank" or "Defendant") to challenge its policy and practice of failing to pay its Loan Officers their overtime wages pursuant to Illinois state law.

**ANSWER:**    Fifth Third admits that Plaintiff purports to bring this action individually and as a class action, but Fifth Third denies that this action is appropriate for treatment as a class action. Fifth Third admits that Plaintiff purports to bring claims under the Illinois state wage and hour laws against Fifth Third; however, Fifth Third denies that Plaintiff is entitled to the relief requested. Fifth Third otherwise denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Plaintiff brings this case on behalf of herself and all persons who currently work or have worked as loan officers, loan originators, or similar titles for Fifth Third Bank in the State of Illinois at any time during the statutory period since November 2, 2001 (the "Class"). Plaintiff and all Class members are "employees" within the meaning of the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq.* (the "IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115, *et seq.* (the "IWPCA").

**ANSWER:**      Fifth Third admits that Plaintiff purports to bring this action individually and as a class action, but Fifth Third denies that this action is appropriate for treatment as a class action. Fifth Third denies the allegations contained in Paragraph 2 of Plaintiff's Complaint that purport to be a statement of law. To the extent that such allegations are deemed affirmative allegations requiring a response, Fifth Third denies such allegations and denies each and every remaining allegation contained in Paragraph 2 of Plaintiff's Complaint.

3.      Fifth Third Bank maintains approximately 43 branch locations in Illinois. Although its Loan Officers were not exempt from Illinois state wage and hour laws, Fifth Third Bank failed to pay them overtime compensation when they worked over 40 hours in a week. Effective in or about January 2011, Fifth Third Bank finally changed its policy and properly reclassified its Loan Officers as non-exempt hourly employees. Nonetheless, Fifth Third Bank has refused to pay them overtime compensation for all of the overtime hours they worked prior to January 2011. Additionally, Defendant's supervisors have instructed Loan Officers not to record any overtime hours they worked in an effort to evade state and federal law.

**ANSWER:**      Fifth Third admits that it maintains more than 43 branch locations in Illinois. Fifth Third also admits that it has employed Loan Officers. Fifth Third further admits that on January 3, 2011, it reclassified its Loan Officers as non-exempt employees under the Fair Labor Standards Act, as amended, and other relevant State laws. Fifth Third denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Fifth Third Bank's Loan Officers regularly worked overtime but Defendant has not paid them the overtime wages they are owed.

**ANSWER:**      Fifth Third denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Since Plaintiff and the Class were not subject to an applicable exemption from the overtime pay requirements of Illinois state law, the failure to pay overtime to Plaintiff and the Class violated those laws.

**ANSWER:**      Fifth Third denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## RELEVANT TIME PERIOD

6.      Plaintiff's claims under the IMWL permit Plaintiff and the Class to recover unpaid wages and damages for up to three years prior to the commencement of this lawsuit.

**ANSWER:**      Fifth Third denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Illinois Code section 5/13-205 permits Plaintiff and the Class to recover damages stemming from their unjust enrichment claims for up to five years prior to the commencement of this lawsuit.

**ANSWER:**      Fifth Third denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Illinois Code section 5/13-206 permits Plaintiff and the Class to recover damages stemming from their IWPCA claims for up to ten years prior to the commencement of this lawsuit.

**ANSWER:**      Fifth Third denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Accordingly, the allegations set forth herein concern Defendant's employment practices since November 2, 2001 as to Count II (IWPCA), since November 2, 2006 as to Count III (unjust enrichment) and since November 2, 2008 as to Count I (IMWL).

**ANSWER:**      Fifth Third admits Paragraph 9 insofar as it identifies the time periods as to which the allegations of the Complaint pertain.  Fifth Third denies each and every remaining allegation contained in Paragraph 9 of Plaintiff's Complaint.

## PARTIES

10.     Plaintiff Alina Marrero is a resident of Chicago, Illinois. Plaintiff has been employed as a Loan Officer for Fifth Third Bank since approximately February 1, 2010 at Defendant's Chicago, Illinois branch.

**ANSWER:**     ANSWER:     Fifth Third admits that Plaintiff purports to be a resident of

Chicago, Illinois. Fifth Third further admits that Plaintiff was employed with Fifth Third as a

Mortgage Loan Officer at one of its Chicago, Illinois branches from February 1, 2010 through

November 15, 2011. Fifth Third denies the remaining allegations contained in Paragraph 10 of

Plaintiff's Complaint.


11.     Defendant Fifth Third Bank ("Fifth Third Bank" or "Defendant"), is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Defendant sells mortgage loans and other financial products in multiple states.  Defendant is an employer within the meaning of the IMWL and IWPCA.

**ANSWER:**     Fifth Third admits Paragraph 11 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

12.     Defendant employs individuals as Loan Officers, Loan Originators, or other similar job titles (collectively referred to herein as "Loan Officers") in order to provide its financial services and products.

**ANSWER:**     Fifth Third admits Paragraph 12 of Plaintiff's Complaint.


13.     Plaintiff and the Class work or worked at one or more of Defendant's branches in Illinois.

**ANSWER:**     Fifth Third admits that Plaintiff worked at one of its branches in Illinois.

Fifth Third lacks knowledge or information sufficient to enable it to form a belief as to the

remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.


14.     Defendant's Loan Officers' primary work duties are to sell and process mortgage loans and other financial products and instruments.  Other duties performed by Loan Officers are directly related to mortgage sales and refinancing, including, without limitation, meeting with clients, attending group meetings, processing loan applications and other documents, and

marketing Defendant's services to obtain new business and clients using methods such as cold calling.

**ANSWER:**    Fifth Third admits Paragraph 14 of Plaintiff's Complaint.

15.    These duties are predominately performed at Defendant's home branch offices.

**ANSWER:**    Fifth Third admits Paragraph 15 of Plaintiff's Complaint insofar as it pertains to "branch" offices. Fifth Third denies each and every remaining allegation contained in Paragraph 15 of Plaintiff's Complaint.

16.    Defendant profits from the work performed by Plaintiff and the Class in selling Defendant's financial products and instruments and performing their required work duties.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Defendant has compensated its Loan Officers on a draw plus commission basis.

**ANSWER:**    Fifth Third is without knowledge or information sufficient to enable it to form a belief as to Plaintiff's definition of a "draw plus commission basis" and also as to the time frame referred to in Paragraph 17 of Plaintiff's Complaint and Fifth Third denies each and every remaining allegation contained in Paragraph 17 of Plaintiff's Complaint.

18.    Defendant classified Plaintiff and the Class as exempt from overtime pay requirements under Illinois state wage laws including the IMWL and IWPCA until approximately January 2011.

**ANSWER:**    Fifth Third admits that Plaintiff and other Mortgage Loan Originators were classified as exempt under the Fair Labor Standards Act and the IMWL until January 3, 2011. Fifth Third denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Even after reclassifying its Loan Officers as non-exempt in or around January 2011, Defendant still requires its Loan Officers to underreport their time on time sheets to avoid paying Loan Officers for overtime worked.

**ANSWER:**     Fifth Third denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Prior to January 2011, Defendant was aware or should have been aware that Plaintiff and the Class were not exempt under the IMWL and IWPCA. It is common industry knowledge that both courts and the United States Department of Labor ("DOL") have found Loan Officers to be non-exempt workers.

**ANSWER:**     Fifth Third denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant was aware or should have been aware that Plaintiff and the Class regularly worked in excess of 40 hours per week.

**ANSWER:**     Fifth Third denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant mandated that Plaintiff and the Class meet certain production goals. Defendant knew that those goals required Plaintiff and the Class to work in excess of 40 hours per week. Defendant disciplined employees who failed to meet their production goals.

**ANSWER:**     Fifth Third denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant failed to maintain complete and accurate records as to the hours worked by Plaintiff and the Class.

**ANSWER:**     Fifth Third denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant did not pay Plaintiff and the Class for their hours worked in excess of 40 each week.

**ANSWER:** Fifth Third denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant's conduct in not paying Loan Officers for their overtime was willful and in bad faith.

**ANSWER:** Fifth Third denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Following the January 2011 reclassification, Plaintiff's supervisors specifically instructed Plaintiff not to record any hours that would require her to be paid overtime regardless of whether she was, in fact, working such hours.

**ANSWER:** Fifth Third denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. By failing to pay overtime wages for hours worked in excess of 40 each week, Defendant violated the IMWL and IWPCA.

**ANSWER:** Fifth Third denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. By profiting from the labor of Plaintiff and the Class without paying them in accordance with Illinois law, Defendant was unjustly enriched.

**ANSWER:** Fifth Third denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings her claims for relief individually and as a class action pursuant to the Illinois Code of Civil Procedure 735 ILCS § 5/2-801 and§ 5/2-802 on behalf of:

> all persons who currently work or have worked as loan officers, loan originators, or similar titles for Fifth Third Bank in the State of Illinois at any time since November 2, 2001 (the "Class").

**ANSWER:** Fifth Third admits that Plaintiff purports to bring this action individually and as a class action, but Fifth Third denies that this action is appropriate for treatment as a class action. Fifth Third denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.    This action is properly maintained as a class action under § 5/2-801 because the Class is so numerous that joinder of all members is impracticable; there are questions of law or fact that are common to the Class; the claims or defenses of Plaintiff are typical of the claims or defenses of the Class; and Plaintiff will fairly and adequately protect the interests of the Class.

**ANSWER:** Fifth Third denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    Members of the Class are similarly situated by virtue of the predominating common questions of law and fact that exist as to Plaintiff and the Class, including, without limitation:

a.    whether Defendant unlawfully failed to pay overtime compensation to its Loan Officers;

b.    whether Defendant's branches are "retail establishments";

c.    whether Loan Officers' primary duties are "directly related to the management or general business operations" of Fifth Third Bank or its customers;

d.    whether Loan Officers' primary duties are related to sales and/or production;

e.    whether Defendant failed to keep accurate time records for all hours worked by Loan Officers;

f.    whether Defendant was unjustly enriched by failing to pay Plaintiff and the Class in accordance with Illinois law;

g.    the proper measure of damages sustained by Plaintiff and the Class; and,

h.    whether Defendant should be enjoined from such violations in the future.

**ANSWER:** Fifth Third denies the allegations contained in Paragraph 31, including subparts (a) through (h) inclusive of Plaintiff's Complaint.

32.     Plaintiff anticipates that Defendant's defenses are also common to Plaintiff and the Class.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Members of the Class are so numerous that joinder of all members is impracticable. The identity of Class members is easily ascertained from Defendant's records.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Plaintiff's claims are typical of the claims of the Class because Plaintiff has worked as a Loan Officer and has not received overtime wages for hours worked over 40 in a week.  Upon information and belief, there are no Class members who have an interest in individually controlling the prosecution of their individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer.  However, if any such Class member should become known, he or she can "opt out" of this action pursuant to Illinois Code of Civil Procedure, 735 ILCS § 5/2-801 and § 5/2-802.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Plaintiff will fairly and adequately represent the interests of the Class and has no interests adverse to those of the Class.  Plaintiff has retained counsel competent and experienced in complex wage and hour class action and wage and hour collective action litigation.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Class certification is also appropriate because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant, and/or because adjudications with respect to individual

Class members would, as a practical matter, be dispositive of the interests of non-party Class members.

**ANSWER:** Fifth Third denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. In addition, class certification is appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The members of the Class are entitled to injunctive relief to end Defendant's common and uniform practices of denying the Class reporting time wages, minimum wage for all hours worked, timely payment of wages upon termination or quit, and accurate and timely itemized wage statements.

**ANSWER:** Fifth Third denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Class certification is also appropriate because questions of law and fact common to the Class predominate over questions affecting only members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Plaintiffs [sic] lack the financial resources to vigorously prosecute separate lawsuits in court against a large corporate defendant such as Fifth Third Bank. The individual damages suffered by members of the Class pale in comparison to the potential costs of suit. The members of the proposed Class, are nevertheless, entitled to the damages sustained as a consequence of Defendant's unlawful, common pay practices.

**ANSWER:** Fifth Third denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Plaintiff knows of no difficulty that would be encountered in the management of this litigation which would preclude its maintenance as a class action.

**ANSWER:** Fifth Third lacks knowledge or information sufficient to enable it to form a belief regarding what Plaintiff "knows" or does not know. Fifth Third otherwise denies the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

## COUNT I

### (Failure to Pay Overtime Wages in Violation of the IMWL)

40.    Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

**ANSWER:**    Fifth Third incorporates by reference as though fully stated its foregoing responses to Paragraphs 1 through 39 of Plaintiff's Complaint as its response to Paragraph 40 of the Complaint.

41.    The IMWL requires Illinois employers, including Defendant, to pay overtime compensation to all non-exempt employees.

**ANSWER:**    Fifth Third denies Paragraph 41 of the Complaint on the grounds that it is a purported statement of law.    To the extent such an allegation is deemed an affirmative allegation requiring a response, Fifth Third denies such allegation and denies each and every remaining allegation contained in Paragraph 41.

42.    The IMWL requires Defendant to pay Plaintiff and the Class for all time worked in excess of 40 hours in a week at the rate of one-and-one-half times their regular hourly rate.

**ANSWER:**    Fifth Third denies Paragraph 42 of the Complaint insofar as it is a purported statement of law to which no response is required.    To the extent that Paragraph 42 purports to be an affirmative allegation to which a response is deemed required, Fifth Third denies that it has incurred any liability under IMWL herein and denies each and every remaining allegation contained in Paragraph 42.

43.    Defendant's actions, policies and/or practices as described above violate the overtime requirements of the IMWL by failing to compensate Plaintiff and the Class for hours worked in excess of 40 in a week at one-and-one-halftimes their regular rate.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.    As a direct and proximate result of this practice, Plaintiff and the Class have suffered loss of income and other damages to be determined at trial.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 44 of Plaintiff's

Complaint.

45.     Under 820 ILCS § 105112:

> If any employee is paid by his employer less than the wage to
> which he is entitled under the provisions of this Act, the employee
> may recover in a civil action the amount of any such
> underpayments together with costs and such reasonable attorney's
> fees as may be allowed by the Court, and damages of 2% of the
> amount of any such underpayments for each month following the
> date of payment during which such underpayments remain unpaid.

**ANSWER:**     Fifth Third denies Paragraph 45 of the Complaint on the grounds that it is a purported statement of law.   To the extent such an allegation is deemed an affirmative allegation requiring a response, Fifth Third denies such allegation and denies each and every remaining allegation contained in Paragraph 45.

46.     Thus, Plaintiff and the Class are entitled to their attorneys' fees and costs, their unpaid wages, and damages of 2 percent of the amount of the underpayments compounded monthly from the date of each underpayment.

**ANSWER:**     Fifth Third denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Under 820 ILCS § 105/8:

> Every employer subject to any provision of this Act or of any order
> issued under this Act shall make and keep for a period of not less
> than 3 years, true and accurate records of the name, address and
> occupation of each of his employees, the rate of pay, and the
> amount paid each pay period to each employee, the hours worked
> each day in each work week by each employee, and such other
> information and make such reports therefrom to the Director as the
> Director may by regulation prescribe as necessary or appropriate
> for the enforcement of the provisions of this Act or of the
> regulations thereunder.

**ANSWER:**     Fifth Third denies Paragraph 47 of the Complaint on the grounds that it is a purported statement of law.   To the extent such an allegation is deemed an affirmative

allegation requiring a response, Fifth Third denies such allegation and denies each and every

remaining allegation contained in Paragraph 47.

48.    By failing to record and preserve records of hours worked by Plaintiff and the
Class, Defendant has violated the provisions of Section 8 of the IMWL.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 48 of Plaintiff's

Complaint.

## COUNT II

### (Unlawful Withholding of Wages in Violation of the IWPCA)

49.    Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

**ANSWER:**    Fifth Third incorporates by reference as though fully stated herein its

responses to Paragraphs 1 through 48 of Plaintiff's Complaint as its response to Paragraph 49.

50.    The IWCPA requires employers to pay employees within 13 days after the end of
a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at
the lawful rate.

**ANSWER:**    Fifth Third denies Paragraph 50 of the Complaint on the grounds that it is

a purported statement of law.   To the extent such an allegation is deemed an affirmative

allegation requiring a response, Fifth Third denies such allegation and denies each and every

remaining allegation contained in Paragraph 50.

51.    If an employer fails to pay an employee all wages earned by the statutory
deadline, the employee may commence a civil action to recover the amount of any underpayment
and damages in the amount of 2 percent of each underpayment compounded monthly plus costs
and reasonable attorneys' fees. See 820 ILCS § 115114.

**ANSWER:**    Fifth Third denies Paragraph 51 of the Complaint on the grounds that it is

a hypothetical and a purported statement of law.   To the extent such an allegation is deemed an

affirmative allegation requiring a response, Fifth Third denies such allegation and denies each

and every remaining allegation contained in Paragraph 51.

52.     Pursuant to 735 ILCS § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

**ANSWER:**    Fifth Third denies Paragraph 52 of the Complaint on the grounds that it is a purported statement of law.   To the extent such an allegation is deemed an affirmative allegation requiring a response, Fifth Third denies such allegation and denies each and every remaining allegation contained in Paragraph 52.

53.     Plaintiff and the Class are employees for purposes of the IWPCA.

**ANSWER:**    Fifth Third admits that Plaintiff was formerly its employee.   Fifth Third denies the remaining allegations of Paragraph 53 of the Complaint on the grounds that they are purported statements of law.   To the extent such allegations are deemed to be affirmative allegations requiring responses, Fifth Third denies such allegations and denies each and every remaining allegation contained in Paragraph 53.

54.     Defendant is an employer for purposes of the IWPCA.

**ANSWER:**    Fifth Third admits that it was an employer of Plaintiff under the IWPCA. Fifth Third denies the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant's actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiff and the Class for hours worked in excess of 40 in a week at one-and-one-half times their regular rate.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     As a direct and proximate result of this practice, Plaintiff and the Class have suffered loss of income and other damages to be determined at trial.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 56 of Plaintiff's

Complaint.

57.     As such, Plaintiff and the Class are entitled to the underpayment, damages in the amount of 2 percent compounded monthly, and reasonable attorneys' fees and costs.

**ANSWER:**     Fifth Third denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

## COUNT III

### (Unjust Enrichment)

58.     Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

**ANSWER:**     Fifth Third incorporates by reference as though fully set forth herein its responses to Paragraphs 1 through 57 of Plaintiff's Complaint as its response to Paragraph 58.

59.     Pursuant to 735 ILCS § 5/13-205, the statute of limitations for civil actions not otherwise provided for, including claims for unjust enrichment, is five years after accrual of the cause of action.

**ANSWER:**     Fifth Third denies Paragraph 59 of the Complaint on the grounds that it is a purported statement of law.  To the extent such an allegation is deemed an affirmative allegation requiring a response, Fifth Third denies such allegation and denies each and every remaining allegation contained in Paragraph 59.

60.     Fifth Third Bank has received and benefitted from its policy and practice of failing to compensate Plaintiff and the Class for their overtime, and for Defendant to retain this benefit would be inequitable and would rise to the level of unjust enrichment.

**ANSWER:**     Fifth Third denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Plaintiff and the Class have a reasonable expectation that they will be paid all amounts to which they are entitled under Illinois law, including overtime, for having given their time and efforts to Fifth Third Bank.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.    Fifth Third Bank tracks the compensation paid to Plaintiff and the Class as a measure of profit calculation. Failing to pay overtime wages to misclassified employees directly increased Fifth Third Bank's profit.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.    By underpaying Plaintiff and the Class, Fifth Third Bank was unjustly enriched. More specifically, by reason of having secured the work and efforts of Plaintiff and the Class without paying overtime compensation, Fifth Third Bank realized additional earnings and profits for its own benefit and to the detriment of Plaintiff and the Class.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.    Fifth Third Bank has retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.    Fifth Third Bank's wrongful conduct is so offensive to common values as to merit redress by way of exemplary or punitive or other damages for the Class members, from Fifth Third Bank, in an amount to be determined at trial.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.    Accordingly, Plaintiff and the Class are entitled to judgment in an amount equal to the benefits unjustly retained by Fifth Third Bank, to be proved at trial.

**ANSWER:**    Fifth Third denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for the following relief:

A.     An order certifying the class under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801 and§ 5/2-802;

B.     An order appointing Plaintiffs' counsel as counsel for the class;

C.     A declaratory judgment and finding that Defendant committed one or more of the following acts:

          i.     Violated the IMWL by failing to pay regular and overtime wages to Plaintiff and the Class; and

          ii.     Violated the IWPCA;

D.     Compensatory damages, including back pay damages, overtime pay owed, and prejudgment interest to the fullest extent permitted under the law;

E.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

F.     Such other and further relief as this Court deems just and proper.

**ANSWER:**    Fifth Third denies any allegations or implications made thereby, including any allegation that Fifth Third acted improperly and/or illegally against Plaintiff. Fifth Third denies that Plaintiff is entitled to any of the relief sought in the unnumbered "Prayer for Relief" clause of Plaintiff's Complaint, including sub-parts (A) through (F), following Paragraph 66 of Plaintiff's Complaint.

Fifth Third denies each and every allegation and all possible inferences from each and every allegation that is not expressly admitted in this Answer. Additionally, Fifth Third reserves the right to assert additional affirmative and other defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

**ANSWER:** Fifth Third denies that Plaintiff is entitled to a trial by jury on any claims at equity and/or for equitable relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged in this action, predates the limitations periods set forth by the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq.* (the "IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115, *et seq.* (the "IWPCA"), or the applicable limitations period for an unjust enrichment claim, such claims of Plaintiff or "others similarly situated" are barred.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of "others similarly situated" are barred in whole or in part as to all hours during which Plaintiff and/or "others similarly situated" were engaged in activities which were preliminary or post-preliminary to their principal activities, or subject to the doctrine of *de minimis non curat lex*.

### THIRD AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiff and/or "similarly situated individuals" previously received compensation for alleged unpaid overtime wages in connection with, or as a result of, a payment to Defendant's employees supervised by the Illinois Department of Labor; or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, Fifth Third hereby invokes the doctrine of waiver to bar the claims asserted by Plaintiff and/or the claims of "others similarly situated."

## FOURTH AFFIRMATIVE DEFENSE

Fifth Third at all times acted in good faith to comply with the IMWL and IWPCA and with reasonable grounds to believe that Fifth Third's actions did not violate the statutes cited in the Complaint, and Fifth Third asserts a lack of willfulness or intent to violate the IMWL and IWPCA as a defense to any claim by Plaintiff and/or "others similarly situated" for liquidated damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), nor the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 5/2-802, and therefore, the class certification and class action allegations of the Complaint must be stricken and dismissed.

## SIXTH AFFIRMATIVE DEFENSE

Fifth Third alleges that Plaintiff's claims are barred because Plaintiff is not a proper party representative of the proposed class and as a representative of the group of allegedly "others similarly situated" she seeks to represent, and she cannot adequately represent the putative class.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails because it fails to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff will not be able to establish that a cognizable class exist or can be maintained.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff will be unable to establish that any actions by Fifth Third were willful or that she is entitled to any monetary damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the "others similarly situated" have failed, or refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff seeks to adjudicate the claims of the Plaintiff and anyone else who joins this lawsuit through purported generalized class-wide proof, this would violate Fifth Third's rights to trial by jury and due process guaranteed by the United States Constitution. Fifth Third is entitled to individualized determinations of each opt-ins' eligibility for overtime pay, as well as an individualized determination of the amount of overtime owed if eligibility for overtime pay is established. *See Wal-Mart Stores v. Dukes, et al.,* 131 S.Ct. 2541 (2011). Accordingly, this case cannot be tried any type of representational basis, and, therefore, the Court should decline to order that notice be sent out to others allegedly similarly situated.

## TWELFTH AFFIRMATIVE DEFENSE

The complaint should be dismissed for improper venue pursuant to 28 U.S.C. §§ 1440 and 1404.


**WHEREFORE**, Defendant Fifth Third Bank prays for judgment as follows:

1.      That judgment is entered in favor of Fifth Third and against Plaintiff, and that the Complaint herein is dismissed with prejudice;

2.      That Fifth Third be awarded its costs of suit herein; and

3.      That Fifth Third be granted such other and further relief as the Court may deem

just and proper.

Respectfully submitted,

/s/Angela Rochester
Angela Rochester (IL 6295396)

Grady B. Murdock, Jr. (IL 1992236)
Angela Rochester (IL 6295396)
Michael A. Wilder (IL 6291053)
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1000
Chicago, IL  60654
312.372.5520
Firm I.D. 34950

Dated: December 22, 2011

## CERTIFICATE OF SERVICE

I, **Angela Rochester**, an attorney, certify that I caused a copy of the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Class Action Complaint** to be served upon all attorneys of record electronically with the Clerk of the Court using the CM/ECF (*electronic case filing*) system, which sent notification of such filing on **December 22, 2011**:

Ryan F. Stephan
Stephan Zouras LLP
205 N. Michigan Avenue
Suite 2560
Chicago, Illinois 60601


Carolyn H. Cottrell
Lee B. Szor
Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery Street, Ste. 2000
San Francisco, California 94104

Shanon J. Carson
Sarah Schalman-Bergen
Patrick F. Madden
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103

/s/ *Angela Rochester*
Angela Rochester