IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALINA MARRERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIFTH THIRD BANK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:11-cv-08978<br>)<br>) Honorable Judge Suzanne B. Conlon<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Alina Marrero ("Plaintiff") respectfully requests that this Court remand the above-captioned matter to state court and in support thereof, states as follows:

**I. INTRODUCTION**

This case is a class action seeking overtime pay for a class of Illinois employees under Illinois state law. Defendant Fifth Third Bank ("Defendant" or "Fifth Third") is an Ohio corporation that, in its haste to remove to federal court, failed to provide evidentiary support for removal and, worse, failed to articulate any legitimate basis for federal jurisdiction. Defendant's removal papers lack the declaration required to make a good faith estimate of the amount in controversy. Further, even if Defendant had provided such a declaration, the argument propounded by Defendant is fundamentally flawed and inconsistent with the clear black-letter law on federal jurisdiction in class actions. Due to these basic deficiencies, Plaintiff requests that this action be remanded to state court and an award of reasonable attorneys' fees and costs associated with bringing this motion to remedy Defendant's frivolous removal.

## II. ARGUMENT

### A. Standard Of Review

"A party can file a motion to remand an action back to state court based on lack of subject matter jurisdiction." *Aliano v. Ferriss*, No. 11-cv-1421, 2011 WL 2148979, at *1 (N.D. Ill. June 1, 2011) (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

As this Court has recognized, "[t]he burden of establishing jurisdiction lies with the removing party." *Scheinman v. BMW of North America, LLC*, No. 10-CV-4848, at *1 (N.D. Ill. Sept. 30, 2010) (citing *Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004)); *see also Chase*, 110 F.3d at 427 ("[T]he party seeking to invoke federal jurisdiction . . . bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met."). "A plaintiff is presumed to be able to choose [her] own forum, and courts interpret the removal statute narrowly, resolving any doubts in favor of remand." *Id.* (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

Where diversity is the alleged basis for federal jurisdiction, the defendant must demonstrate complete diversity between the parties and that the amount in controversy requirement is met. *See Boyd*, 366 F.3d at 529; *see also* 28 U.S.C. § 1332. Defendants have two avenues of meeting the amount in controversy requirement for federal jurisdiction in class actions under the diversity statute. First, a defendant may show that the amount in controversy between the representative plaintiff as an individual and the defendant exceeds $75,000. *See* 28

2

U.S.C. § 1332(a). Second, a defendant may show that the amount in controversy between the proposed class and defendant exceeds $5 million. *See* 28 U.S.C. § 1332(d).

What the diversity statute does not permit is for defendants to conflate these two measures to satisfy the amount in controversy requirement. For purposes of 28 U.S.C. § 1332(a) (the $75,000 amount in controversy requirement), "[t]he court cannot just add up the damages sought by each member of the class." *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). Thus, where the defendant only establishes that the amount in controversy exceeds $75,000 but "in each instance Defendant aggregate[s] the claims of the potential plaintiffs... the [amount in controversy does] not satisfy the [jurisdictional threshold]." *Lambert v. Hughes Network Systems*, No. 10-cv-571, 2010 WL 3034212, at *5 (N.D. Ill. Aug. 2, 2010). This issue is not "new" or "unsettled." Rather, the entire purpose of the Class Action Fairness Act of 2005, codified in relevant part at 28 U.S.C. § 1332(d), was to provide an additional basis for federal subject matter jurisdiction because showing that the amount in controversy between the defendant and the class exceeded $75,000 was not sufficient to invoke diversity jurisdiction.

Plaintiffs who successfully remand a case that was improperly removed may seek attorneys' fees and costs incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). The United States Supreme Court has stated:

> Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). The Supreme Court concluded that the standard for awarding fees should turn on the reasonableness of the removal. *Id.* ("[C]ourts

3

may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

The Seventh Circuit has held that attorneys' fees should be awarded to plaintiffs who succeed in their motion to remand "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009) (quoting *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)). Therefore, where the removal papers fail to articulate a legitimate basis for federal jurisdiction, the removal cannot be reasonable – making an award of fees and costs proper. *See, e.g., MTC Development Group, LLC v. Lewis*, No. 11-cv-7062, 2011 WL 58668236, at *3 (N.D. Ill. Nov. 20, 2011) (awarding attorneys' fees and costs where defendant failed to analyze the citizenship of an LLC in accordance with well-settled law on diversity jurisdiction); *MB Fin., N.A. v. Stevens*, No. 11-cv-798, 2011 WL 5514059, at *2 (N.D. Ill. July 5, 2011) (awarding attorneys' fees and costs where the removing party demonstrates "that an objectively reasonable attorney who undertook a cursory review of case law and the facts of the case would have never attempted to remove . . . ."); *TCF Nat'l Bank v. W & A Building, LLC*, No. 10-cv-3096, 2010 WL 4791454, at *1 (awarding attorneys' fees and costs where removing defendant LLC failed to identify the citizenship of its members and later conceded the members lacked diverse citizenship to the plaintiff).

**B.     Defendant Has Failed To Establish Any Basis for Federal Jurisdiction**

Defendant's removal papers are significantly deficient in two ways that necessitate remand of this action. First, Defendant was obligated to provide some evidence in support of its contention that this action can be removed - namely a declaration as to the amount in controversy requirement. Defendant failed to provide a declaration or any other evidence to support the

4

amount in controversy requirement. Second, Defendant's sole basis for federal jurisdiction articulated in its removal papers is diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* Notice of Removal, Dkt. No. 1, at 2. Defendant is correct that federal courts may have jurisdiction where the class representative is of diverse citizenship from all defendants and the class representative meets the amount in controversy requirement. *Id.* The remainder of Defendant's argument, however, fails to support its contention that this Court has subject matter jurisdiction over this case. These failures necessitate remand for lack of subject matter jurisdiction and the egregiousness and obviousness of the failures warrants an award of attorneys' fees and costs.

        **1.**        **Defendant has failed to provide evidence in support of its contention as to the amount in controversy**

In order to properly remove a case to federal court, a defendant must provide some evidence or basis for federal jurisdiction that warrants removal. For purposes of establishing that the amount in controversy meets the jurisdictional threshold, a defendant must make a good faith estimate as to that amount. Defendant has failed to meet even this low bar. In support of its assertion that the jurisdictional threshold amount in controversy is met, Defendant states that Plaintiff began working for Fifth Third on February 1, 2010 and was paid an average weekly rate of "$_____." Notice of Removal at 4 (sic). In support of this statement, Fifth Third cites the "Declaration of \_\_\_\_, ¶\_\_." *Id.* Without providing the information those blanks should contain, Defendant cannot begin to establish that the amount in controversy threshold has been met. *Cf. Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) ("Of course, a [party] cannot conceal facts necessary to determine whether jurisdiction is secure or otherwise thwart the jurisdictional inquiry with impunity."). Plaintiffs are not required to rebut

5

information that was not provided in the removal papers. This failure alone is sufficient grounds for remand.

Even accepting Defendant's only cognizable basis for federal jurisdiction under Section 1332(a), that the amount Plaintiff alone would be owed meets the threshold amount, Defendant's estimate of $75,000 grossly overestimates the amount in controversy. Defendant argues that once the court considers the back pay damages, overtime pay owed, punitive damages, and attorneys' fees, the amount in controversy would clearly exceed $75,000. Notice of Removal, at 4. Without evidence of Plaintiff's average weekly rate and other factors, Defendant's proposed calculation is not even possible. Plaintiff, however, worked for Defendant for approximately 22 months. For 22 months of wages to meet the amount in controversy requirement, Defendant would need to owe Plaintiff in excess of $44,000 per year in overtime wages and penalties. Such a figure is well in excess of the actual amount owed to Plaintiff. In the absence of any evidence to the contrary, this action must be remanded.

    **2.    Defendant's argument is fundamentally flawed and is contrary to established precedent on federal subject matter jurisdiction.**

Under 28 U.S.C. § 1446(a), "[a] defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal . . . ." Here, Defendant's sole basis for federal jurisdiction articulated in its removal papers is diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* Notice of Removal, at 2. However, Defendant's argument runs contrary to the clearly settled law on federal jurisdiction over class actions.

6

Specifically, Defendant argues that "in the event that Plaintiff prevails on her *class* claims based on the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, Plaintiff and the class would be entitled to punitive damages and attorneys' fees, which further increase the amount in controversy." *Id.* (referring to the $75,000 amount in controversy requirement under Section 1332(a) (emphasis added)). Defendant's argument conflicts with all existing binding authority on this issue. *See, e.g., In re Brand Name Prescription Drugs*, 123 F.3d at 607; *Lambert*, 2010 WL 3034212, at *5. The amount class members receive cannot be used to establish that the $75,000 threshold has been met under 28 U.S.C. § 1332(a). Rather, the amount class members receive must be used in analyzing whether the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), grants federal jurisdiction over a class action. Under CAFA, the jurisdictional threshold amount in controversy is $5 million. 28 U.S.C. § 1332(d)(2). Defendant's failure to analyze the $5 million figure is due to Defendant's implied belief that the class damages will not reach that figure. Defendant's reliance on the inclusion of class damages in its effort to establish the $75,000 threshold also demonstrates Defendant's implied belief that Plaintiff's damages alone do not reach that figure. Since the reliance on inclusion of class damages in Defendant's calculations conflicts with controlling applicable law, Plaintiff's motion to remand must be granted for lack of federal jurisdiction.

C.     **Attorneys' Fees And Costs Are Amply Warranted Due To The Objectively Unreasonable Basis For The Removal**

Because Defendant's only articulated basis for federal jurisdiction is based on 28 U.S.C. § 1332(a), Defendant failed to provide evidence of the amount in controversy and argued a position that is entirely foreclosed by binding precedent, Defendant's removal is objectively unreasonable. Defendant's failure to provide evidence of the amount in controversy is fatal to its removal ground. *Cf. Micrometl Corp.*, 656 F.3d at 470 ("Of course, a [party] cannot conceal

facts necessary to determine whether jurisdiction is secure or otherwise thwart the jurisdictional inquiry with impunity."). However, even if Defendant had provided such evidence, Defendant's asserted basis for removal is foreclosed by binding precedent. *See, e.g., In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d at 607 (holding defendant cannot aggregate class damages for purposes of meeting the $75,000 amount in controversy requirement). Where the grounds for removal are precluded by binding precedent, an award of fees and costs is appropriate. *See MTC Development Group*, 2011 WL 58668236, at *3 (awarding attorneys' fees and costs where defendant failed to analyze the citizenship of an LLC in accordance with well-settled law on diversity jurisdiction); *TCF Nat'l Bank*, 2010 WL 4791454, at *1 (awarding attorneys' fees and costs where removing defendant LLC failed to identify the citizenship of its members and later conceded the members lacked diverse citizenship to the plaintiff). Similar failures to meet the requirements for diversity jurisdiction in the Northern District of Illinois have been found to warrant attorneys' fees and costs. *See, e.g., MB Fin., N.A.*, 2011 WL 5514059, at *2 (awarding attorneys' fees and costs where the removing party demonstrates "that an objectively reasonable attorney who undertook a cursory review of case law and the facts of the case would have never attempted to remove..."). Plaintiff therefore requests an award of reasonable attorneys' fees and costs associated with this motion.

### III. CONCLUSION

Based upon the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to remand and award reasonable attorneys' fees and costs associated with the bringing of this motion.

Respectfully submitted,

By: */s/ Ryan F. Stephan*
Ryan F. Stephan
STEPHAN ZOURAS LLP
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Tel: (312) 233-1550
Fax: (312) 233-1560
rstephan@stephanzouras.com

Carolyn H. Cottrell
Lee B. Szor
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
lszor@schneiderwallace.com

Shanon J. Carson
Sarah Schalman-Bergen
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
pmadden@bm.net

*Attorneys for Plaintiff*