IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ALINA MARRERO,** individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**FIFTH THIRD BANK,**<br><br>Defendant. | Case No. 1:11-cv-08978<br><br>Hon. Suzanne B. Conlon |

**DEFENDANT FIFTH THIRD BANK'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND**

**I.     INTRODUCTION**

The Motion for Remand to state court filed by Plaintiff Alina Marrero ("Plaintiff") asks this Court to ignore the plain meaning of the allegations contained in her Amended Complaint for purposes of calculating the amount in controversy in this action.  Plaintiff's facially apparent allegations reveal that the amount in controversy in this case exceeds the minimum required for federal jurisdiction.  Even taking into consideration Plaintiff's post-filing suggestion that the length of Plaintiff's employment would not qualify her to meet the jurisdictional minimum, Defendant's estimation of the amount in controversy is reasonable, good faith plausible estimate.  Ironically, Plaintiff insinuates that Fifth Third is somehow hiding the ball by not submitting a declaration in support of its Notice of Removal, yet Plaintiff herself fails to stipulate that she is seeking less than $75,000.  While Defendant does not concede any liability or that class treatment is appropriate, it is at a minimum more likely than not that the purported lost income and other damages to be determined at trial, which include attorneys' fees, punitive damages and a percentage of the amount of alleged underpayments compounded monthly from the date of

each underpayment place more than $75,000 in controversy.

Rather than stipulate that she is not seeking more than $75,000 in damages, Plaintiff has instead challenged this Court's jurisdiction by disputing Defendant's demonstration that more than $75,000 is in controversy. As further elaborated herein, Defendant has met its burden under the controlling authority of *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005), *Oshana v. Coca-Cola*, 472 F.3d 506, 511 (7th Cir. 2006), *Polo Realty, Inc. v. Kruse, Inc.*, 2010 U.S. Dist. LEXIS 78350, at *13 (N.D. Ind. Aug. 2, 2010) and *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-542 (7th Cir. 2006), which make clear that calculation of the amount in controversy for purposes of removal is simply an estimate of the amount in dispute, not a prospective assessment of defendant's liability. Federal jurisdiction is, therefore, proper and Plaintiff's Motion for Remand should be denied.

Plaintiff also requested an award of attorney fees. Because the motion to remand should be denied, there is no basis for an award of fees. Even if the motion for remand had merit, an award of fees would not be appropriate.

## II. FIFTH THIRD'S GOOD FAITH, PLAUSIBLE ESTIMATE OF DAMAGES ESTABLISHES THE AMOUNT IN CONTROVERSY

A defendant has the right to remove a civil action from state court to federal court if it is one over which a district court has original jurisdiction. 28 U.S.C. § 1441. In the instant case, subject matter jurisdiction is premised on diversity of citizenship. Diversity jurisdiction is present when the parties are completely diverse and the "matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse. Plaintiff is an Illinois citizen and Fifth Third is an Ohio banking corporation with its principal place of business in Ohio. (Notice of Removal, §II(A).) Indeed, the sole basis for Plaintiff's Motion for Remand relates to the amount in controversy requirement.

### A. Estimation Of The Amount In Controversy Is Based On <u>Solely</u> The Named Plaintiff

Plaintiff argues that Defendant attempts to meet the jurisdictional minimum by conflating the damages for the representative Plaintiff and the representative class. (Motion for Remand, pp. 2-3). Plaintiff mischaracterizes Defendant's Notice of Removal. This is not an action based on the Class Action Fairness Act, nor has the Defendant otherwise implicated the putative members of the class herein in support of its removal of this action. Even a cursory review of Defendant's Notice of Removal makes clear that Defendant bases the jurisdictional minimum on only the representative Plaintiff and not the class. (Notice of Removal, §II(B).) Consequently, *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599 (7th Cir. 1997) and *Lambert v. Hughes Network Systems*, 2010 WL 3034212 (N.D. Ill. Aug. 2, 2010), cited by Plaintiff, are inapplicable here and Plaintiff's argument that Defendant improperly conflates its damages estimation fails.

### B. Defendant Established By A Preponderance Of The Evidence That The Amount In Controversy Warrants Removal

Plaintiff confuses the amount-in-controversy standard Defendant must meet in order to warrant removal. When a complaint filed in state court fails to state the amount in controversy, the notice of removal "serves the same function as the complaint would in a suit filed in federal court," requiring the removing defendant to show "a **reasonable probability** that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (emphasis added). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola*, 472 F.3d 506, 511 (7th Cir. 2006); *Polo Realty, Inc. v. Kruse, Inc.,* 2010 U.S. Dist. LEXIS 78350, at *13 (N.D. Ind. Aug. 2, 2010). A removing defendant can establish the amount the plaintiff stands to recover via

calculation from the complaint's allegations, among other things. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-542 (7th Cir. 2006).

Plaintiff attempts to argue that because Defendant did not provide a declaration affirmatively stating Plaintiff's average weekly rate of compensation, Defendant cannot begin to establish that the amount in controversy threshold has been met. (Motion for Remand, p. 5). Plaintiff's argument is without factual or legal support. A declaration is not the only vehicle by which a defendant may establish the requisite jurisdictional amount.[1] *Meridian*, 441 F.3d at 541-542. In its Notice of Removal, Defendant estimated the amount Plaintiff stood to recover from the allegations in the complaint. Despite the fact that the Complaint fails to specify the amount in controversy, Plaintiff claims that she is entitled to (1) back pay damages (2) overtime pay (c) punitive damages; and (d) attorneys' fees. (Amended Compl., ¶¶ 45, 57, 65, 66, Relief Requested.) Plaintiff claims that since February 1, 2010, she "regularly worked overtime" but that Defendant failed to pay her accordingly. (Amended Compl., ¶¶ 4, 10.) Curiously, Plaintiff's Complaint is silent as to how much overtime she allegedly worked.

Since Plaintiff does not set forth the number of alleged overtime hours she worked during a given week, Defendant is left to speculate that number. During the beginning of 2011, Fifth Third engaged in an interactive process with currently employed MLOs, who voluntarily agreed to the process, to identify time worked by each MLO in excess of forty hours in any week since March 24, 2010. *See* **Exhibit A** [Declaration of Mark Wilson ("Wilson Decl."),] ¶ 5. In

---

[1] As an initial matter, Fifth Third initially contemplated then subsequently refrained from filing a declaration as it appeared clear from the allegations in the Amended Complaint that the amount in controversy exceeded $75,000. However, due to an administrative error, references to Plaintiff's weekly rate of pay and a declaration were inadvertently included in Defendant's Notice of Removal. Defendant does not concede that a declaration is necessary to establish the jurisdictional minimum here, but nonetheless offers the concurrently-filed declaration of Mark Wilson in an effort to assist the Court in establishing that the amount in controversy exceeds $75,000.

connection with this process, Fifth Third offered and paid most of its currently employed MLOs overtime pay, based on upon information obtained during the voluntary interactive process, for time worked in excess of forty hours in any week from March 24, 2010 through December 31, 2010. Wilson Decl., ¶ 5. In connection with this interactive process, some MLOs indicated that they worked no overtime hours during the relevant time period while others estimated that they worked as many as 30 overtime hours per week during this same time frame. *Id.* at ¶ 6. Since Plaintiff did not engage in this interactive process, Defendant does not know what, if any, overtime hours she may have worked during this same time frame. *Id.* at ¶ 8. However, assuming Plaintiff worked 30 hours of overtime per week during her tenure with Fifth Third, as some Fifth Third MLOs alleged for the relevant time period, she could seek damages up to $46,180 in 2010 ($32.07 x 30 overtime hours over 48 weeks) and $30,901 in 2011 ($22.89 x 30 overtime hours over 45 weeks), for a grand total of **$77,081**. *Id.* at ¶¶ 7-8. This calculation does not include damages in the amount of 2% of the amount of any such underpayments for each month compounded monthly or other components of her base rate of compensation. *Id*. Nor does this calculation take attorneys' fees or punitive damages that Plaintiff seeks into account. *Id*.; *see also Meridian*, 441 F.3d at 541 ("[w]hether damages will exceed $ 75,000 is not a fact but a prediction").

The damages calculation does not stop there as Plaintiff suggests. Additionally, punitive damages and attorneys' fees, which Plaintiff demands, count toward the jurisdictional amount. *Anthony v. Security Pacific Financial Services*, 75 F.3d 311, 314 (7th Cir. 1996) (punitive damages to be considered in determining the jurisdictional amount); *Capalbo v. Painewebber, Inc.,* 694 F. Supp. 1315, 1322 (N.D. Ill. 1988) (same); *Alcante v. HRB Tax Group, In*c., 2011 U.S. Dist. LEXIS 75675, at *10 – 11 (N.D. Ind. July 13, 2011) *citing Gardynski-Leschuck v.*

*Ford Motor Corp.*, 142 F.3d 955, 958 (7th Cir. 1998) (attorneys' fees may be considered in computing the jurisdictional minimum).[2]  Plaintiff's Unjust Enrichment claim alleges that as a result of Fifth Third's underpayment to Plaintiff, Fifth Third was unjustly enriched in the form of realized additional earnings and profits for its own benefit and to the detriment of Plaintiff. (Amended Complaint, ¶ 63)  As a result, Plaintiff seeks exemplary or punitive or other damages under what appears to be a disgorgement theory in an amount equal to the benefits unjustly retained by Fifth Third. (*Id.*, ¶64 – 66.)  Since punitive damages are claimed by the Plaintiff here, it is not a legal certainty that the total amount sought for back pay, overtime, punitive damages and attorneys' fees will be less than the jurisdictional amount. *Capalbo,* 694 F. Supp. at 1322. Thus, there is a reasonable probability that there is more than $75,000 in controversy.  *See Neuma, Inc. v. AMP, Inc.,* 259 F.3d 864, 881 (7th Cir. 2001)  (to maintain a suit in which the stakes must exceed some specified minimum . . . [the defendant] "need demonstrate **no more than a good faith, minimally reasonable belief** that the suit might result in a judgment in excess of that amount.")(emphasis added).  Plaintiff's argument that Defendant could not meet this "low bar" is without legal or factual support and should be rejected. (Motion for Remand, p. 5). Plaintiff does not remotely seek to contest Defendant's assertions by forthrightly stating that she does not seek to recover $75,000.

    **C.    Plaintiff's Argument That Defendant Cannot Establish The Jurisdictional Minimum Is Insufficient To Warrant Remand**

Plaintiff essentially argues that her case should be remanded because Defendant fails to establish that Plaintiff meets the jurisdictional minimum. (Motion for Remand, p. 6).  Critically,

---

[2]  While, Fifth Third does not concede that Plaintiff is entitled to punitive damages, the propriety and amount of any punitive damage award, if any, remains to be determined at trial and after the issue has been appropriately briefed and argued by the parties. *C.B. Mills v. Hawranik*, 1994 U.S. Dist. LEXIS 3839, at *64 (N.D. Ill. March 29, 1994).

Plaintiff conveniently ignores that it is she who has sought the relief at issue herein. In her Motion, it must be emphasized that Plaintiff artfully infers, but does not state that she is not seeking (or entitled to) more than $75,000 in damages. (Motion for Remand, p. 6) Courts in this circuit are clear: a plaintiff cannot ensure remand by merely asserting that the defendant has not established that the value of plaintiff's claim exceeds $75,000. *See Malinowski v. Walgreen Co.*, 2008 U.S. Dist. LEXIS 58235 (N.D. Ind. July 3, 2008) (motion for remand and request for attorneys' fees denied where plaintiff failed to provide contrary information relating to the value of plaintiff's claims); *Skrzypek v. New York Life Ins. Co.*, 2000 U.S. Dist. LEXIS 274, at *1-2 (N.D. Ill. January 11, 2000) (denying motion for remand and rejecting plaintiff's argument that remand is proper because defendant has not adequately established the amount in controversy); *see also Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *Shadday v. Rodriguez Mahuad*, 2006 U.S. Dist. LEXIS 57283, (S.D. Ind. Aug. 2, 2006) ("[Plaintiff] has not asserted, or provided facts in support, that it would be impossible to collect greater than $ 75,000 from [defendant]"). Because Plaintiff does not affirmatively state that she is not seeking, or is not entitled to recover more than $75,000, remand is proper only where it "appears to a legal certainty that [she] is seeking less than $75,000," to which Plaintiff will not stipulate because she is in fact seeking more than $75,000 but she wishes to do so in state court. *Skrzypek*, 2000 U.S. Dist. LEXIS 274, at *1-2; *see also Workman*, 234 F.3d at 1000 (when a plaintiff does not stipulate he is not seeking damages in excess of $ 75,000, "**the inference arises that he thinks his claim may be worth more**")(emphasis added). The same may be said with respect to Plaintiff in this instance. Plaintiff's tactic is impermissible and her attempt to remand on those grounds should be summarily rejected.

    **D.**    **Attorneys' Fees And Costs May Not Be Awarded To Plaintiff Under The Circumstances**

Through its Notice of Removal, Fifth Third readily established that the amount placed in controversy exceeds $75,000. This is true despite Plaintiff's blatant attempt to artfully plead around the federal jurisdictional minimum. Even if the court were to conclude that remand was warranted, an award of fees would not be appropriate.

Here, at the very least, Fifth Third's act of removing this matter to federal court was objectively reasonable. The cases Plaintiff cites in support of an award of attorneys' fees are not on point and do not warrant an award of fees in the instant matter. In *MTC Development Group v. Lewis*, the court awarded fees to plaintiff following defendants' unsuccessful attempt at removal. 2011 WL 5868236, at *4 (N.D. Ill. Nov. 20, 2011). There, the court found that the timing of defendants' removal combined with a patently deficient allegation regarding defendant's citizenship in their notice of removal, suggested that the defendants acted precipitously to get the case into federal court with the hope of delaying the case. (*Id.*)

Similarly, in *TCF National Bank v. W&A Building, LLC*, the court held that the plaintiff was entitled to the payment of costs and attorneys' fees following plaintiff's successful motion for remand where the defendant initially failed to identify the citizenship of its limited liability company members so that the court could properly determine diversity. 2010 WL 4791454, *3 (N.D. Ill. Nov. 17, 2010). The defendant continued to refuse to identify its members even after the plaintiff raised the issue. *Id*. The *TCF* court held that attorneys' fees are warranted where clearly established law demonstrates that there is no basis for removal. *Id*. at *2. The *TCF* court ultimately concluded that it was unreasonable to remove a case on the basis of diversity when the parties were clearly not diverse. *Id*. at *3.

In *MB Financial, N.A. v. Stevens*, the court sanctioned defendants' attorney following remand of a case to state court where the plain reading of an Illinois Supreme Court rule clearly

foreclosed removal in the first place. 2011 WL 5514059 at *2 (N.D. Ill. July 5, 2011). Significantly, the court also found that following an improper removal attempt, the attorney for the defendants engaged in bad faith tactics designed to delay proceedings by filing a myriad of motions, one of which was deemed "frivolous," thereby unreasonably multiplying the proceedings in federal court and burdening the parties. (*Id*. at *2-3)

There is no evidence before the Court to show bad faith or that Fifth Third otherwise filed its Notice of Removal in order to delay proceedings. Indeed, Fifth Third has filed its Answer to the Amended Complaint and is prepared to move forward. Failure to attach a declaration to an initial Notice of Removal, especially where controlling authority does not require it, does not equate to patently deficient allegations discussed in *MTC Development Group,* or the refusal to correct a deficient allegations as discussed in *TCF National Bank.* Nor is Defendant's removal attempt remotely similar to the aggressive attempt to multiply proceedings as seen in *MB Financial.* Here, clearly established law does not foreclose removal – quite the contrary. The cases cited in Sections II(B) and (C) above make clear that removal is wholly appropriate, and notably, Plaintiff has not cited a decision that clearly foreclosed jurisdiction under the circumstances. Given Plaintiff's refusal to state the value of the damages she is seeking, there is a reasonable probability that her claims for overtime, back pay, punitive damages and attorneys' fees, exceed $75,000. Therefore, plaintiffs' request for fees is without merit and should be denied.

### III. CONCLUSION

Based on the foregoing, the pleadings and papers on file in this matter, Defendant's Notice of Removal, the Declaration of Mark Wilson, and on such argument as may be presented at the time of hearing, Defendant respectfully submits that Plaintiff's Motion for Remand and

request for attorneys' fees and costs be denied.

>
> Respectfully submitted,
> FIFTH THIRD BANK, an Ohio Banking Corporation,
>
>
> By: /s/ Angela I. Rochester
>        One of its Attorneys

Grady B. Murdock, Jr. (#1992236)
Angela I. Rochester (#6295396)
Michael A. Wilder (# 6291053)
LITTLER MENDELSON
A Professional Corporation
321 North Clark Street
Suite 1000
Chicago, IL  60654
312.372.5520
Firm I.D. 34950

Dated: January 13, 2012

## CERTIFICATE OF SERVICE

I, Angela Rochester, an attorney, certify that I caused a copy of the foregoing ***Defendant Fifth Third Bank's Memorandum In Opposition to Motion for Remand*** to be served upon all attorneys of record electronically with the Clerk of the Court using the CM/ECF (electronic case filing) system, which sent notification of such filing on **January 13, 2012**:

>Ryan F. Stephan
>Stephan Zouras LLP
>205 N. Michigan Avenue
>Suite 2560
>Chicago, Illinois 60601
>rstephan@stephanzouras.com
>
>Carolyn H. Cottrell
>Lee B. Szor
>Schneider Wallace Cottrell Brayton Konecky LLP
>180 Montgomery Street, Ste. 2000
>San Francisco, California 94104
>ccottrell@schneiderwallace.com
>lszor@schneiderwallace.com
>
>Shanon J. Carson
>Sarah Schalman-Bergen
>Patrick F. Madden
>Berger & Montague, P.C.
>1622 Locust Street
>Philadelphia, Pennsylvania 19103
>scarson@bm.net
>sschalman-bergen@bm.net
>pmadden@bm.net

>*/s/ Angela Rochester*
>    Angela Rochester