# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALINA MARRERO, individually and on
behalf of all others similarly situated

                Plaintiff,

    v.

**FIFTH THIRD BANK,**

              Defendant.

Case No. 1:11-cv-08978

Hon. Suzanne B. Conlon

## DECLARATION OF MARK WILSON

1. I am over 18 years of age and competent to testify to the matters stated in this declaration. I have been employed at Defendant Fifth Third Bank ("Fifth Third" or "the Bank") since October 31, 2005. I am currently employed by Fifth Third as a Human Resource Business Partner.

2. Through the course of my employment with Fifth Third, I have become familiar with the job duties and compensation of the Bank's Retail Mortgage Loan Officers ("MLO").

3. From the time I begin my employment with Fifth Third in 2005 through January 3, 2011, the Bank compensated all MLOs, classified as exempt from the overtime requirements of the FLSA, on a commission or a salary plus commission basis, with a guaranteed weekly income that satisfied the "salary basis" requirement set forth in the governing regulations.

4. After the Department of Labor ("DOL") on March 24, 2010, issued its Administrative Interpretation 2010-1, which changed the DOL's interpretation of its regulations and declared that employees who perform the typical job duties of a MLO are not administratively

-1-

exempt, the Bank made the decision, effective January 3, 2011, to reclassify the MLO position at Fifth Third as non-exempt, and to restructure the compensation program for the MLO position. Thus, as of January 3, 2011, all individuals currently employed by Fifth Third as MLOs have been reclassified as non-exempt.

5. Beginning in 2011, Fifth Third's human resources personnel and management staff began an interactive process with currently employed MLOs, who voluntarily agreed to the process, to identify time worked by each MLO in excess of forty hours in any week since March 24, 2010. In connection with this process, Fifth Third offered and paid most of its currently employed MLOs overtime pay, based on upon information obtained during the voluntary interactive process, for time worked in excess of forty hours in any week from March 24, 2010 through December 31, 2010.

6. In connection with this interactive process, some MLOs indicated that they worked no overtime hours during the relevant period while others estimated that they worked as many as 30 overtime hours per week during this same time frame.

7. Based on a compilation of corporate data reviewed, Fifth Third employed Plaintiff Alina Marrero ("Plaintiff" or "Marrero") from February 1, 2010 until November 14, 2011 (which translates to 93 weeks). During the entire course of employment with Fifth Third, Plaintiff was employed in Illinois in the position of MLO. Plaintiff's average weekly rate in 2010 would have been $21.38. In 2011, Plaintiff's average weekly rate was $15.26 an hour. Plaintiff's average weekly rate at time-and-one-half in 2010 would be $32.07. Plaintiff's average weekly rate at time-and-one-half in 2011 would be $22.89.

8. Because Ms. Marrero did not engage in this interactive process, it is uncertain the amount if any, overtime hours she may have worked. Nonetheless, assuming Ms. Marrero worked 30

hours of overtime per week in 2010, she could seek damages up to $46,180 ($32.07 x 30 overtime hours over 48 weeks). For 2011, Ms. Marrero could seek damages up to $30,901 ($22.89 x 30 overtime hours over 45 weeks). Accordingly, Ms. Marrero's total estimated overtime damages claim for her tenure with Fifth Third could be $77,081. This calculation does not include damages in the amount of 2% of the amount of any such underpayments for each month compounded monthly or other components of her base rate of compensation. Nor does this calculation take attorneys' fees or punitive damages that Ms. Marrero seeks into account.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of January, 2012. _Hamilton County, OH_

MARK WILSON

STATE OF _Ohio_ )

COUNTY OF _Hamilton_ )
        ) ss:

SWORN TO AND SUBSCRIBED before me, a notary public, on the 13th of _January_, 2012.

_____
Notary Public

MALLORY A. JOHNSON
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C.

-3-